## FROST & *a. v.* REED & *a.*

If the interest of one of a company who have contracted to do a work for hire, be assigned, with the assent and concurrence of the company, to another, to whom also a portion of the work and of the expected compensation is by them allotted, and upon the completion of the work the stipulated price is paid to the company, they are liable to such assignee, in an action for money had and received. And it is the same whether he derive his interest in the contract directly, or through a mesne assignee, from the original party.

Under such circumstances, he may maintain the action without first exhibiting the written assignment, although requested to exhibit it, no claim having been made by the intermediate assignee.

ASSUMPSIT. The writ contained two counts. The first was for $1700, for work and labor done and performed for the defendants, and services rendered. The second was for $2000, for so much money had and received by the defendants to the plaintiffs' use. The specification under the second count was for $1800, money received by the defendants of the Vermont and Massachusetts Railroad Company, for the work and labor of the plaintiffs in grading the railroad of said company.

Plea, the general issue. The defence was made by subsequent attaching creditors, who were creditors of one John Bevins.

The plaintiffs put in evidence a contract under seal, dated October 18, 1847, between the defendants, who did business

under the firm of John Reed & Co., and the Vermont and Massachusetts Railroad Company, for the grading of section forty-four of said road.

They then offered in evidence a contract under seal, dated December 31, 1847, between James H. Freeman, one of said defendants, and the said John Bevins, by which said Freeman assigned to said Bevins all his interest in said contract with said railroad.

They also introduced another instrument under seal, dated January 29, 1848, by which it was agreed by and between the said Reed and Alexander on the one part, and the said Bevins on the other, to divide said section forty-four, and that said Bevins by himself should grade a certain portion of said section, and the said Reed and Alexander the remainder.

They further introduced a contract between said Bevins and the plaintiffs, dated June 19, 1848, by which he assigned to said plaintiffs all his interest in the aforesaid contract with said Freeman. He also assigned to said plaintiffs, on the same day, all his interest in said contract with Reed and Alexander, dividing said section forty-four.

The plaintiffs then offered evidence tending to show that they had completed all that part of the section which Bevins by his contract with Reed and Alexander was bound to do ; that while they were at work upon it, said Reed and Alexander paid them various sums of money. It further appeared that the defendants had received from the Vermont and Massachusetts Railroad Company the money for the same work, which the said plaintiffs had done, and had not paid to the plaintiffs the full amount which they had received of said company for said work so done ; and the plaintiffs claimed to recover under their count for money had and received the balance as so much money had and received to their use.

The defendants moved that the plaintiffs be nonsuited for the following reasons :—

1.   That by the contract the Vermont and Massachusetts Railroad Company were bound to pay the defendants. That they alone were responsible to the company, and were bound to pay Bevins.   The money was, therefore, received to the defendants' use, and not to the plaintiffs'.

2.   That there was no privity of contract between the plaintiffs and the defendants, and that therefore the action could only be maintained in the name of Bevins.

3.   That Bevins' contract was with Freeman alone, and that the plaintiffs representing Bevins could not sue Reed and Alexander and Freeman.

It appeared that after the work was completed, the plaintiffs and defendants attempted to make a settlement between them; that they differed as to the amount due, and the defendants offered evidence tending to show that at this time they called upon the plaintiffs to show the assignment from Bevins to them, and that they refused to exhibit it. The plaintiffs' evidence tended to show that the defendants knew that Bevins had assigned all his interest in the contract to the plaintiffs; and the court ruled that if the defendants knew that the assignment had been made, and that the plaintiffs were possessed of all the interest of Bevins, it was not necessary for them to exhibit the contract of assignment to the defendants before suit brought, to which ruling the defendants excepted.

A verdict having been returned for the plaintiffs, the defendants moved to set the same aside and for a new trial, for supposed error in the foregoing rulings of the court.

*Bennett,* for the plaintiffs.

*Wheeler,* for the defendants.

Woods, J.   The three defendants having a contract with the Vermont and Massachusetts Railroad, Freeman, one of them, assigned his interest in it to Bevins.   To this arrange-

ment Reed and Alexander, the other defendants, became parties, and made with Bevins a division of the work, and an apportionment of the compensation to be received from the company upon the completion of it. Bevins assigned his interest in the contract to the plaintiffs, and there is evidence upon which the jury might well have found that all the defendants assented to that arrangement and became parties to it; for they treated the plaintiffs as the substitutes and representatives of Bevins, by paying them sums of money as the work advanced, and afterwards attempting to settle with them. The whole work was finished according to the contract, the plaintiffs doing that part which devolved upon them by the arrangement, and the defendants received the pay from the corporation for having done the work, or procured it to be done, to the satisfaction of the party.

The question then arises as to the rights of these plaintiffs upon the premises shown, the parties liable to them, and the form of their remedy.

The assignment from Bevins to the plaintiffs having been acceded to by the defendants, the plaintiffs have a right to be considered as the immediate assigns of the defendants, as it respects the equitable results of such a transaction. These clearly are, that the plaintiffs shall stand in the place of the defendants as to the burden and the benefits of the part of the work apportioned to Bevins. It does not change the parties to the original contract with the railroad company, for the company were in no way privy to it. Neither does it establish the plaintiffs in the relation of servants or subcontractors to the defendants, with an absolute liability on the part of the latter to pay them for the work; for such are not the terms of the agreement. But while the agreement leaves unimpaired and unaltered the original contract with the company, yet, as far as the plaintiffs and defendants themselves are competent to do it, and as it respects their mutual rights and duties, it substitutes the plaintiffs for one of the defendants, and makes a severance of the contract.

The parties, in effect, agree that so much of the money to be received as is proportionate to the plaintiffs' share of the work, shall belong to them.

Without the consent of the company this money could be recovered by the defendants only ; and they did receive it accordingly.    But they received it, of course, for the use of the plaintiffs, who were by the agreements entitled to it.

Because the defendants, as between themselves and the railroad corporation, had an undoubted right to sue for and recover the money in question as a part of the stipulated pay for the work, it by no means follows that they did not receive it for the use of the plaintiffs.    The equitable action of assumpsit for money had and received, is a highly appropriate remedy against those who, having justly, as trustees or otherwise, received money which fairly belongs to another, become chargeable upon the implied promise to pay it over.

It does not become necessary, in the form in which the plaintiffs have declared, to decide what effect would have been given to the assignment of Freeman to Bevins, and from him to the plaintiffs, if the defendants, as one party, had not participated in these transactions ; nor whether the action could have been maintained upon the count for work and labor.

The decision proceeds upon the ground that the defendants adopted in favor of these plaintiffs the acts of Freeman and of Bevins, and thereby agreed to substitute them in their place with respect to that part of the work which was assigned to Bevins in the division, and to receive for the plaintiffs' use the part of the money to be paid for it.

The ruling of the court, that if the defendants knew of the assignment from Bevins to the plaintiffs, they had no right to inspect the instrument, was, under the circumstances of the case, correct.    No claim appears at the time to have been made by Bevins or his creditors.    The plaintiffs had done the work, and had done it upon the faith that the de-

fendants had treated them and agreed to treat them as their own substitutes in the work, and entitled to the share of the compensation which had been arranged.    It was too late to question whether the assignment from Bevins had been made in writing, or what were its precise terms, so long as they knew that there had actually been an assignment, and so long as no claim was set up by Bevins or his creditors. There must therefore be,

*Judgment on the verdict.*